```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
                            ----oo0oo----

UNITED STATES OF AMERICA,
                                        CASE NO. CR. 96-350 WBS
         Plaintiff,

    v.                                  ORDER RE:MOTION TO SUPPRESS

MADY CHAN, et al.,

         Defendants.
                            ----oo0oo----
```

Defendant Mady Chan moves to suppress all evidence obtained from a search of his residence on the ground that the search exceeded the scope authorized by the search warrant. The warrant authorized seizure of evidence related to the crimes of robbery, interstate transportation of stolen property, and money laundering.  According to the return, agents seized approximately thirty-one items, including:

```
        1.   One 1993 Ford Explorer automobile
        2.   One 1991 Mercedes Benz automobile
        3.   Several rolls of film
        4.   One bullet-proof vest
        5.   One large screen television set
        6.   Five Boston speakers
```

1

```
         7.   One Sony VCR
         8.   One Denon receiver/controller
         9.   One black briefcase
         10.  Several shotgun shells
         11.  One scanner in box
         12.  Passport of Qung Chen
         13.  Passport of Jian Neng Chen
         14.  Marriage certificate
         15.  Credit cards
```

In an attachment to the search warrant, computer components and police scanners are specifically listed as items that may be seized as evidence related to robberies.  As to the shotgun shells, the warrant authorized the seizure of "handguns, shotguns, rifles, and other firearms used to facilitate the robbery and theft of computer components."  However, the court is unable to determine how the other items, such as passports, a large screen television set, a Sony VCR, five Boston speakers, a Denon receiver/controller, a marriage certificate, several rolls of film, and credit cards fit into the definition of those authorized to be seized.

"Also, there was no mention of automobiles in the warrant, although the 1991 Mercedes Benz may be subject to forfeiture, as it was allegedly part of a money laundering offense.  (Superseding Indictment 21 (Count 31).)[1]

"An evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the

---

[1] If a vehicle is subject to forfeiture, and therefore contraband, the Supreme Court has found that in "[r]ecognition of the need to seize readily movable contraband before it is spirited away," warrantless seizure of the vehicle is reasonable. Florida v. White, 526 U.S. 559, 564 (1999); see also United States v. Bagley, 772 F.2d 482, 491 (9th Cir. 1985) (noting that probable cause alone justifies seizing a vehicle without a warrant).

2

court to conclude that contested issues of fact going to the validity of the search are in question.'"  United States v. Licavoli, 604 F.2d 613, 620 (9th Cir. 1979) (quoting United States v. Ledesma, 499 F.2d 36, 39 (9th Cir. 1974)).  Here, there appear to be issues of fact related to the relevancy of the seized items sufficient to justify further hearing on the question of whether they fall outside the scope of the warrant.

        Counsel for defendants shall contact the Clerk and arrange to have this matter set for hearing at the earliest available time and date consistent with the schedules of counsel and the court's calendar.

        IT IS SO ORDERED.

DATED:  February 2, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE